UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Damon Bailey,<br><br><br>*Defendant.* | **[Proposed] Protective Order**<br><br>**21 Cr. 694 (JPC)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, the Court hereby finds and orders as follows:

1. **Sensitive Disclosure Material.** The Government will make disclosure to the defendant(s) of documents, objects and information, including any electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases. Certain of the discovery may include material that (i) affects the privacy or confidentiality of individuals; (ii) would risk prejudicial publicity if publicly disseminated; and (iii) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case. Discovery materials produced by the Government to the defendant or his counsel that are either (1) designated in whole or part as "Sensitive" by the Government in emails or communications to defense counsel, or (2) that include a Bates or other label stating "Sensitive," shall be deemed "Sensitive Disclosure Material."

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Sensitive Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Sensitive Disclosure Material on any public Internet site or external network site to which persons other than the parties hereto have access, and shall not disclose any Sensitive Disclosure Material to any media or any third party except as set forth below.

2. Sensitive Disclosure Material may be disclosed by counsel to:

    (a) Personnel for whose conduct counsel is responsible, i.e., personnel employed by or retained by counsel, as needed for purposes of defending this action;

    (b) Prospective witnesses for purposes of defending this action.

3. The Government may authorize, in writing, disclosure of Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

4. This Order does not prevent the disclosure of any Sensitive Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, Sensitive Disclosure Material pertinent to any motion before the Court should be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

5. Except for Sensitive Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including any seized ESI Sensitive Disclosure Material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct

appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

6. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Sensitive Disclosure Material. All such persons shall be subject to the terms of this Order. The defense shall maintain a record of what information has been disclosed to which such persons.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

The parties shall comply with Rule 9 of the Court's Individual Rules and Practices in Criminal Cases when seeking to file any document under seal.

## Retention of Jurisdiction

8.  The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

by: _____          Date: 11/15/2021
    Jane Chong
    Assistant United States Attorney

    _____          Date: 11/15/2021
    Justine Harris
    Counsel for Damon Bailey

SO ORDERED:

Dated: New York, New York
       November 16, 2021

_____
THE HONORABLE JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE